# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LINDA AMES, an individual, | No. 51941-1-II |
| Appellant, | |
| v. | |
| HSBC BANK USA, NATIONAL ASSOCIATION as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR16, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — This is the third lawsuit arising from a foreclosure of Linda Ames's real property. In this case, Ames filed a lawsuit against HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR16[1] (HSBC) alleging (1) quiet title, (2) wrongful foreclosure, (3) conversion, (4) fraud, (5) misrepresentation, and (6) civil conspiracy. Ames also sought declaratory relief from the summary judgment that was granted in her first lawsuit. The trial court granted HSBC's motion for summary judgment dismissal.

---

[1] HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR16 is a securitized trust.

No. 51941-1-II

Ames argues that the trial court made erroneous discovery rulings and erred by granting summary judgment and denying her motion to amend her complaint.[2]

HSBC argues that Ames waived her claims of quiet title, wrongful foreclosure, conversion, and civil conspiracy by not objecting to the foreclosure sale.[3] HSBC also argues that the "Deeds of Trust Act" (DTA), chapter 61.24 RCW, statute of limitations bars Ames's fraud and misrepresentation claims and that the DTA does not authorize declaratory relief.

We hold that Ames waived her quiet title, wrongful foreclosure, conversion, and civil conspiracy causes of actions when she failed to enjoin the foreclosure sale. Further, we hold that Ames's fraud and misrepresentations claims are barred by the DTA statute of limitations and Ames's declaratory relief is not statutorily authorized. Accordingly, we affirm.

FACTS

In 2006, Ames borrowed $590,000 from Sierra Pacific Mortgage Company Inc. A promissory note memorialized this loan. To secure the loan, Ames executed a deed of trust in favor of Mortgage Electronic Registration Systems Inc. (MERS), as nominee for beneficiary Sierra Pacific, its successors and assignees. This deed of trust was recorded against Ames's real property.

---

[2] Ames also argues in reply that the trial court erred by denying her motion for default. Because Ames did not assign error to the trial court's order and because Ames failed to provide this court with any argument or legal authority related to this order, we do not consider this argument. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); RAP 10.3(a)(4)-(5).

[3] HSBC also argues that Ames's quiet title, wrongful foreclosure, conversion, and civil conspiracy claims are barred by res judicata and collateral estoppel. Because we hold that Ames waived these claims, we do not reach HSBC's arguments.

2

This loan was sold to HSBC. HSBC was the note holder and assignee of the deed of trust's beneficial interest, while Wells Fargo Bank N.A. serviced the loan and was HSBC's attorney-in-fact.

Ames ceased making her monthly loan payments in 2011. In 2012, HSBC appointed Quality Loan Service Corporation of Washington (QLS) as successor foreclosure trustee on the deed of trust that secured the defaulted loan. Wells Fargo, as HSBC's loan servicer and attorney-in-fact, executed the successor trustee appointment and recorded the appointment.

In September 2012, HSBC commenced nonjudicial foreclosure by issuing Ames a notice of default. Wells Fargo alerted Ames that she could reinstate the note and deed of trust, and instructed her how to do so. Ames did not elect to reinstate. QLS recorded a notice of trustee sale for the sale scheduled on August 9, 2013.

I. AMES'S FIRST AND SECOND LAWSUITS

Four days before the scheduled sale, Ames filed her first lawsuit against HSBC, Wells Fargo, MERS, Sierra Pacific, Clark County Title, and QLS. In addition to claims of slander of title, quiet title, fraud, and violation of Washington's Consumer Protection Act,[4] Ames's complaint also sought to enjoin the sale of the property. However, Ames took no further action to restrain the trustee's sale or obtain an injunction preventing the sale.

The sale eventually occurred on November 22, 2013 at the Public Service Center Gazebo in Vancouver, Washington. HSBC took ownership based on its credit bid. QLS issued a trustee's deed conveying the property to HSBC.

---

[4] Chapter 19.86 RCW.

In 2014, HSBC filed an unlawful detainer action, seeking a writ of restitution against Ames. In Ames's answer to HSBC's unlawful detainer action, she asserted that HSBC failed to follow the DTA, wrongfully foreclosed, lacked standing to seize Ames's property, and that the deed should be declared void for fraud. The trial court granted HSBC's writ of restitution without a trial. Ames appealed.

In 2015, this court, through its commissioner, granted HSBC's motion on the merits. This court concluded that Ames had waived her opportunity to invalidate the sale or the trustee's deed. A few months later, the trial court in Ames's first lawsuit granted QLS's motion for summary judgment dismissal. Eventually, Ames voluntarily dismissed this first case against all the defendants.

## II.  AMES'S THIRD—AND CURRENT—LAWSUIT

A.  *Ames's Complaint*

Ames filed her current lawsuit against HSBC on November 24, 2015. Her complaint alleged seven causes of action: (1) quiet title, (2) wrongful foreclosure, (3) conversion, (4) fraud, (5) misrepresentation, (6) civil conspiracy, and (7) declaratory relief from the summary judgment that was granted in her first lawsuit. Ames sought monetary damages to compensate for the value of the property and other alleged harms.

In support of her quiet title claim, Ames alleged that the deed and the sale were illegal. Ames sought that the sale be voided and that title be vested in her alone.

Regarding wrongful foreclosure, Ames alleged that there were irregularities with the sale. Ames sought monetary damages and for the trial court to set aside and vacate the sale.

Regarding conversion, Ames alleged that the property's title was fraudulently transferred, and she sought monetary damages and for the trial court to vacate the sale.

In support of her fraud and misrepresentation claims, Ames alleged that HSBC falsely stated that it could sell the property after the sale had been cancelled and that it was the bona fide purchaser for value. Ames sought monetary damages and for the trial court to set aside and vacate the sale.

Regarding civil conspiracy, Ames alleged that Wells Fargo, HSBC, Sierra Pacific, LSI Title Agency, and QLS conspired to commit criminal and civil acts, namely assigning a fraudulent interest, and recording that interest. Ames sought monetary damages and for the trial court to set aside and vacate the sale.

Regarding declaratory relief vacating the summary judgment determination from her first lawsuit, Ames alleged that the purported fraudulent assignment and false statements required an award of monetary damages and for the trial court to set aside and vacate the summary judgment dismissal of her claims from her first case.

Accordingly, Ames's prayer for relief sought to void the deed of trust, quiet title in her name, declare any notes invalid, declare that HSBC committed fraud and did not lawfully hold the property, vacate the summary judgment order from the first case, and award Ames monetary damages.

B.      *Ames's Motions for Default*

In February 2016, Ames filed her first motion for default. HSBC filed a notice of appearance and requested leave to respond to her complaint. The trial court denied Ames's motion for default.

Ames filed a second motion for default on June 6, 2016, noting a motion for July 15. On July 11, HSBC filed its answer and affirmative defenses. The trial court denied Ames's second motion for default because HSBC had filed its answer.

C.     *Summary Judgment*

In October 2017, HSBC moved for summary judgment dismissal of all claims. Approximately two months after the hearing on HSBC's motion for summary judgment, but before the trial court issued its ruling, Ames moved to amend her complaint to add Wells Fargo as a party. HSBC opposed Ames's motion.

In February 2018, the trial court issued its ruling granting HSBC's motion for summary judgment dismissal. In a letter accompanying its order granting summary judgment, the trial court evidently denied Ames's motion to amend by striking that hearing from the calendar.

Ames appeals.

ANALYSIS

I.  WAIVER

HSBC argues that Ames waived her causes of action of quiet title, wrongful foreclosure, conversion, and civil conspiracy when she failed to enjoin the foreclosure sale of her property. We agree.

In a nonjudicial foreclosure, the grantor of the deed of trust may bring an action to restrain the trustee's sale "on any proper legal or equitable ground." RCW 61.24.130(1). However, a grantor's failure to pursue presale remedies under the DTA may result in a waiver of her right to object to the trustee's sale. Former RCW 61.24.040(1)(f)(IX) (2012). Waiver may occur when the grantor "'(1) received notice of the right to enjoin the sale, (2) had actual or

constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale.'" *Frizzell v. Murray*, 179 Wn.2d 301, 306-07, 313 P.3d 1171 (2013) (quoting *Plein v. Lackey*, 149 Wn.2d 214, 227, 67 P.3d 1061 (2003)). A grantor may waive defenses to the sale even if she attempts to obtain an injunction but is unable to satisfy the payment condition. *Frizzell*, 179 Wn.2d at 308. When a grantor waives her right to object to the sale, the grantor also waives most claims for damages resulting from the sale. *Patrick v. Wells Fargo Bank, NA*, 196 Wn. App. 398, 406-07, 385 P.3d 165 (2016).

However, such waiver does not apply to all potential claims. Under RCW 61.24.127(1), the failure to enjoin a foreclosure sale may not be deemed a waiver of four specific types of actions for damages. These actions are (1) common law fraud or misrepresentation, (2) a violation of Title 19 RCW, (3) failure of the trustee to materially comply with the DTA, or (4) a violation of the statute mandating notice to a senior beneficiary. RCW 61.24.127(1)(a)-(d). Nevertheless, actions for damages other than the claims stated in RCW 61.24.127(1) are not authorized. *Patrick*, 196 Wn. App. at 406-07.

Here, Ames's complaint alleged four causes of action objecting to the sale: quiet title, wrongful foreclosure, conversion, and civil conspiracy. These claims all attempt to challenge the legality of the foreclosure sale. Ames filed her first suit four days before the scheduled sale in an effort to prevent the sale from going through. However, Ames failed to enjoin the foreclosure sale. Ames received notice of her right to enjoin the foreclosure sale, attempted to defend against the foreclosure, and failed to obtain a court order enjoining the sale. As a result, all three elements of waiver are met, and these claims are waived.

### III. POST-FORECLOSURE SALE DTA CLAIMS

HSBC argues that Ames's remaining claims of fraud and misrepresentation are barred by the statute of limitations and that her claim for declaratory relief from summary judgment in her first case is not statutorily authorized. We agree.

RCW 61.24.127(1) creates four specific types of actions for damages available after a foreclosure sale occurs. A plaintiff can bring claims asserting (1) common law fraud or misrepresentation, (2) a violation of Title 19 RCW, (3) failure of the trustee to materially comply with the DTA, or (4) a violation of the statute mandating notice to a senior beneficiary. However, these claims are subject to limitations. Relevant here, the nonwaived claims "must be asserted or brought within two years from the date of the foreclosure sale or within the applicable statute of limitations for such claim, whichever expires earlier." RCW 61.24.127(2)(a).

Ames's claims for fraud and misrepresentation are subject to the two year statute of limitation. RCW 61.24.127. Because the foreclosure sale occurred on November 22, 2013. Ames's DTA claims expired on November 22, 2015. However, because November 22, 2015 was a Sunday, Ames was allowed to file her complaint the following day. RCW 1.12.040. However, Ames did not file her complaint until November 24, 2015, one day too late. As a result, we hold that Ames's claims for fraud and misrepresentation are barred by the DTA statute of limitations.

Additionally, Ames's final claim for declaratory relief vacating the summary judgment determination from her first lawsuit is not statutorily authorized. Declaratory relief from another suit is not one of RCW 61.24.127(1)'s four specific types of actions for damages. Because Ames has no basis to bring this claim, we hold that Ames did not properly bring this cause of action.

Accordingly, we hold that all seven of Ames's claims are waived, barred by the statute of limitations, or not statutorily authorized. As a result, we affirm the trial court's order granting summary judgment dismissal in favor of HSBC.

## IV. MOTION TO AMEND

Finally, Ames argues that the trial court erred when it denied her motion to amend her complaint to add Wells Fargo as a party. Specifically, Ames argues Wells Fargo was "really the party on whose behalf the trust was operating" and there would not have been undue delay or prejudice by adding Wells Fargo to the complaint. Br. of Appellant at 21. We hold that the trial court did not abuse its discretion when denying Ames's motion to amend.

A party may amend its pleading by leave of court or written consent of the opposing party. CR 15(a). Leave to amend shall be freely given when justice requires. CR 15(a). We review a trial court's determination to deny a motion to amend for an abuse of discretion. *Ensley v. Mollman*, 155 Wn. App. 744, 759, 230 P.3d 599 (2010).

The touchstone of a denial of a motion to amend is the prejudice caused to the nonmoving party by the amendment. *Karlberg v. Otten*, 167 Wn. App. 522, 529, 280 P.3d 1123 (2012). To determine prejudice, courts consider potential delay, unfair surprise, or the introduction of remote issues. *Karlberg*, 167 Wn. App. at 529. If a motion to amend is made after an adverse granting of summary judgment, the course of proceedings is disrupted and the trial court should consider whether the motion could have been timely made earlier in the litigation. *Ensley*, 155 Wn. App. at 759. Trial court may consider the timeliness of the motion as well as the probable merit or futility of the amendments requested. *Doyle v. Planned Parenthood of Seattle-King County. Inc.*, 31 Wn. App. 126, 131, 639 P.2d 240 (1982).

No. 51941-1-II

More than two years after she filed her original complaint, Ames filed a motion to amend her complaint to add Wells Fargo as a party. Ames brought this motion to amend in January 2018. This occurred two months after the parties' hearing on HSBC's motion for summary judgment, but before the trial court rendered its decision on the motion. In a letter accompanying the order granting HSBC's motion for summary judgment, the trial court stated that, with the entry of summary judgment, it struck the hearing Ames scheduled regarding the amended complaint. Given the delay in moving to amend, the eventual grant of adverse summary judgment, and the futility of the amendment because of Ames's waiver, statute of limitations bar, and lack of authority for seeking declaratory relief, we hold that the trial court did not abuse its discretion in denying Ames's motion to amend.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Melnick, J.

Cruser, J.

10